IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.G., a minor, by and through her next friend and mother, REGINA SMILEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  2:09cv656-CSC (WO) |
| WALGREENS, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  BACKGROUND**

Regina Smiley filed a complaint on behalf of her child, J.G., on June 17, 2009, in the

Circuit Court of Montgomery County, Alabama, asserting that the defendant negligently or

wantonly caused a pediatrician's prescription for 25 milligrams of Topomax to be filled with

200 milligrams of Topomax, that the defendant negligently hired, trained, and supervised

defendants "A through G", and that defendant is liable for negligence *per se* by failing to

provide immediate and direct supervision of defendants "B through G."  (Pl's Comp., Doc.

No. 1-2.)  In the caption of her complaint, the plaintiff names "Walgreens, a.k.a. and d.b.a.

Walgreens, Co, Walgreens Specialty Pharmacy, LLC, Walgreens Health Initiatives, Inc.,

Schraft's, a Walgreens Specialty Pharmacy, LLC, collectively referred to as Walgreens, and

fictitious defendants, 'A' the pharmacist that misfilled the prescription; 'B' the pharmacy

technician that misfilled the prescription; 'C' the Intern that misfilled the prescription; and

'D' the employee that misfilled the prescription and 'E', 'F' and 'G', those individuals or

business entities that employed any named defendant and/or who caused or contributed to the misfiled prescription described herein, whose correct identities are not now known but will be substituted by amendment when ascertained, Defendants." (*Id.*, p. 1.)

On July 14, 2009, Walgreen filed a notice of removal stating that this court has original jurisdiction of this matter pursuant to the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). A defendant may remove to federal court any civil action over which the court would have original jurisdiction. 28 U.S.C. § 1441(a). This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b). The parties do not dispute that Smiley and J.G. are Alabama citizens, that Walgreen is an Illinois corporation with its principal place of business in Illinois, and that the amount in controversy exceeds $75,000. Thus, at the time of removal, this court had original jurisdiction over this action.

On August 13, 2009, the plaintiff filed a motion for leave to amend her complaint to substitute the fictitious defendants with pharmacist Anthony Conner and pharmacy employees Rosa Williams, Charlotte Clark, Karna Taylor, and Maurice Grider. (Doc. No. 6.) On August 24, 2009, Walgreen filed a response to the plaintiff's motion, in which the defendant asserts that the plaintiff's request to add five non-diverse defendants is nothing more than an attempt to defeat federal jurisdiction in this case. (Doc. No. 10.) On August 24, 2009, the plaintiff filed a response, in which she argues that her primary purpose for requesting leave to amend her complaint is to hold the responsible individuals accountable

2

for giving J.G. a dangerous drug overdose, that she has been diligent in requesting the amendment, and that she would suffer prejudice if she were not allowed to amend the complaint.  (Doc. No. 11.)

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  The court has carefully reviewed the notice of removal, the plaintiff's motion to amend, the defendant's response, and the plaintiff's reply.  Based on its review of the pleadings and relevant legal and statutory authorities, the court concludes that the plaintiff's motion to amend is due to be granted and this case should be remanded to the state court.

## II.  DISCUSSION

In her motion to amend, the plaintiff seeks to add Rosa Williams ("Williams"), Charlotte Clark ("Clark"), Karna Taylor ("Taylor"), Maurice Grider ("Grider"), and Anthony Conner ("Conner"), residents of Alabama, as defendants.  Walgreen asserts that the plaintiff's motion to amend her complaint to join these non-diverse defendants is merely an attempt to destroy diversity jurisdiction.

Title 28 U.S.C. § 1447(e) provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

"The district court, when faced with an amended pleading naming a new non-diverse

defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

When determining whether to allow an amendment under 28 U.S.C. § 1447(e), the following factors may be considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.[1] *See Hensgens*, 833 F.2d at 1182; *Town of Gordon v. Great Amer. Ins. Co., Inc.*, 331 F. Supp. 2d 1357, 1360  n.1 (M.D. Ala. 2004);  *Jerido v. Amer. Gen. Life & Accident Ins. Co.*, 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001);  *Sexton v. G & K Serv., Inc.*, 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999).

In the caption of her complaint, the plaintiff specifically listed the fictitious individuals as "A" the pharmacist that misfilled the prescription; "B" the pharmacy technician that misfilled the prescription; "C" the Intern that misfilled the prescription; and "D" the employee that misfilled the prescription and "E", "F" and "G", those individuals or business entities that employed any named defendant and/or who caused or contributed to the misfiled prescription described herein, whose correct identities are not now known but will be substituted by amendment when ascertained, Defendants. (Doc. No. 1-2, p. 1.)  In her amended complaint, the plaintiff asserts that "[d]efendant ROSA WILLIAMS scanned the

---

[1] Although *Hensgens* predates the enactment of 28 U.S.C. § 1447(e), courts in this Circuit have routinely appled its factors when faced with a post-removal motion to amend that would compromise federal jurisdiction.  *See Portis v. Wal-Mart Stores, Inc*., No. 07-0557-WS-C, 2007 WL 3086011, *3 n. 4 (S.D. Ala. 2007).

prescription, defendant CHARLOTTE CLARK typed up the prescription, defendant KARNA TAYLOR filled the prescription, defendant MAURICE GRIDER reviewed the prescription and pharmacist ANTHONY CONNER allegedly verified it." (Doc. No. 6-2, p. 2.)  In her original complaint filed in state court, the plaintiff expressed a present, real intent to pursue her negligence and wantonness claims against the pharmacist and other pharmacy employees as well as the corporate defendants. At this early stage of the proceedings, it is arguable that this is a case which involves the potential responsibility of multiple parties. Given the specificity of the plaintiff's complaint, the court concludes that the plaintiff's primary purpose in requesting leave to amend her complaint to substitute Williams, Clark, Taylor, Grider, and Conner with the fictitious parties named in her initial complaint is not an attempt to defeat federal jurisdiction.

In addition, the plaintiff was diligent in requesting leave to amend her complaint.  The evidentiary materials indicate that, in a letter dated August 4, 2009, defense counsel informed the plaintiff of the names of the specific pharmacy employees involved in the prescription process.  (Attach. to Doc. No. 6, Pl's Ex. A.) On August 13, 2009, the plaintiff filed her motion for leave to amend her complaint in this court.  (Doc. No. 6.)  Thus, the plaintiff sought to amend her complaint shortly after receiving notice of the specific names of the Walgreen employees.

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed.  In analyzing this factor, the court generally attempts to determine whether a plaintiff can be afforded complete relief in the absence of the amendment.  *See*,

5

*e.g.*, *Jones v. Rent-a-Center East, Inc.*, 356 F. Supp. 2d 1273, 1276-77 (M.D. Ala. 2005). Walgreen argues that a denial of the motion to amend will not prejudice "the Plaintiffs, as Plaintiffs can still maintain their lawsuit against Walgreen and, should it be merited, receive complete recourse as against this Defendant." (Doc. No. 10, p. 3.) Given the early stage of the proceedings, this court is unable to discern all of the relevant facts in this case. Consequently, this court cannot determine whether the prejudice factor weighs in favor of either party. Nonetheless, when balancing the equities in this case, the court concludes that the first and second *Hensgens* factors and any other factors bearing on the equities at this stage of the proceedings weigh heavily in the plaintiff's favor. This court therefore concludes that the motion to amend is due to be granted and that Williams, Clark, Taylor, Grider, and Conner are due to be substituted as defendants in this case.

The substituted defendants in this case are non-diverse. Because the addition of parties destroys diversity jurisdiction, this court no longer has subject matter jurisdiction in this case. Section 1447(c) specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Consequently, this court must remand this case to the state court.

### III. CONCLUSION

Accordingly, it be and is hereby

ORDERED as follows:

(1)     The plaintiff's motion for leave to amend the complaint (doc. # 6) be GRANTED.

6

(2)     Pursuant to 28 U.S.C. §§ 1447(c) and (e), this cause is REMANDED to the

        Circuit Court of Montgomery County, Alabama.

(3)     The Clerk is DIRECTED to take all steps necessary to effect this

        remand.

Done this 4th day of September, 2009.


                              /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE

7